## UNITED STATES DISTRICT COURT

## FOR THE DISRICT OF NEW MEXICO

YVONNE GARCIA, individually and on behalf of other
similarly situated individuals,

      Plaintiff,

v.

REPUBLIC UNDERWRITERS INSURANCE COMPANY,

      Defendant.

**No. 1:21-cv-10203-KG-JHR**

## FIRST AMENDED CLASS ACTION COMPLAINT

1.      Plaintiff Yvonne Garcia, for herself and on behalf of the Class and Subclass defined herein, brings this Class Action Complaint to recover damages from Republic Underwriters Insurance Company ("Republic"), and states as follows:

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§ 1332 (a) and 1332(d)(2).

3.      Venue is proper under 28 U.S.C. § 1391(b)(2) or, in the alternative, under 28 U.S.C. § 1391(b)(3).

4.      Defendant is a real party in interest and a proper party to this action.

5.      This Court has personal jurisdiction over the Defendant. The acts complained of herein occurred in the District of New Mexico.

### PARTIES

6.      Plaintiff Yvonne Garcia is, and was at all material times, a resident of Bernalillo County, New Mexico.

7.    Defendant Republic is a foreign for-profit corporation conducting business, including the sales and solicitations for the sales of insurance policies, throughout the State of New Mexico.

## FACTUAL ALLEGATIONS

**Yvonne Garcia purchased an underinsured motorist policy from Defendant.**

8.    Ms. Garcia applied for auto-coverage and Republic collected premiums from her.[1]

9.    Defendant did not provide a meaningful offer of UIM coverage to Plaintiff and those similarly situated.

10.    Republic automatically renewed her auto coverage policy number AR 1069082 01 06, annually.

11.    On February 2, 2018, Republic issued the insurance policy and provided her with declaration pages that were in effect from February 2, 2018 through August 2, 2019. Ex. 1, Garcia Declaration Page and Insurance Policy.

12.    Throughout the time Republic insured Garcia, it had issued numerous policies and declaration pages that included substantially the same language with regard to underinsured motorist coverage.

13.    The February 2, 2018 Garcia Policy provided liability coverage on two vehicles in the amount of $100,000 per person / $300,000 per occurrence. **Ex. 1**.

14.    Republic's forms also purportedly provided stacked uninsured and underinsured motorist coverage in the amount of up to $200,000.00 per person /

---

[1] On November 20, 2020, Plaintiff's counsel requested the application but  was never provided  it. Republic has only provided the declaration and policy for the time period of February 2, 2018 to February 2, 2019.

$600,000.00 per occurrence. Id.

15.    Defendant collected a premium of $294 for the stacked uninsured and underinsured motorist coverage that Defendant purportedly offered from February 22, 2018 to February, 22, 2019. Id.

16.    Republic collected from Garcia premiums for uninsured and underinsured motorist coverage that it purportedly sold her since the inception of this policy.

**Republic's systematic application process, declarations, UM/UIM information and selection forms, and policy are ambiguous and misrepresented the true value of underinsured motorist coverage and failed to properly and adequately disclose to Garcia that the underinsured motorist coverage for which Republic collected a premium was illusory and misleading.**

17.    Defendant's boilerplate forms should allow insureds to make a knowing and intelligent selection/rejection of Defendant's Uninsured and Underinsured Motorists Coverage. Id.

18.    Defendant's boilerplate forms that attempt to describe Uninsured and Underinsured Motorists Coverage are ambiguous and do not in any manner refer to the New Mexico statute, NMSA § 66-5-301(B). Id.

19.    Defendant's application, pursuant to NMSA § 66-5-301(C), should provide adequate disclosures so that a meaningful offer is made and an insured is able to make a knowing and intelligent choice of UM/UIM coverage. Republic has not provided a copy of the application that was used.

20.    Defendant's policy booklet only contains a section titled "Part C – Uninsured Motorists Insurance". **Ex. 1**

21.    Plaintiff and any other typical insureds can easily understand an "uninsured motorist" is a motorist who has no liability insurance.

22.    Defendant's boilerplate forms and ambiguous policy definitions failed to properly inform Ms. Garcia about the offset described in *Schmick v. State Farm Mutual Automobile Insurance Company*, 704 P.2d 1092 (1985) ("the *Schmick* offset") and did not meet her reasonable expectations of being properly insured in the event she sustained significant injuries. See *Crutcher v. Liberty Mut. Ins. Co*., 2022-NMSC-001, ¶ 1. "We conclude that this type of policy is illusory in that it may mislead minimum UM/UIM policyholders to believe that they will receive underinsured motorist benefits, when in reality they may never receive such a benefit."

23.    Nothing in Defendant's boilerplate forms advises an insured that they will most likely never receive the full amount of underinsured motorist coverage for which they have contracted. *Id*.

24.    When Garcia purchased automobile coverage, Defendant did not properly inform her of how underinsured motorist coverage is illusory in the event of a covered occurrence involving an underinsured driver, or a minimally insured driver.

25.    Defendant failed to properly inform Ms. Garcia that she and her insured beneficiaries would most likely not be afforded the full UIM benefits from paying a premium for stacked underinsured motorist coverage because, pursuant to the *Schmick* offset, Ms. Garcia's and insured beneficiaries' recovery of underinsured motorist benefits would be offset by the amount of the tortfeasor's liability coverage. See *Id.*, ¶ 28. "We refuse to impose on the insured the obligation to be aware of and understand the consequences of New Mexico's UM/UIM statutory provisions, much less the offset rule derived by its technical language." *Id*., ¶ 26.

26.    When Garcia purchased automobile coverage, Republic did not properly

inform her of how underinsured motorist coverage is illusory and/or misleading in the event of a covered occurrence involving an underinsured driver.

27.    Republic's forms did not contain clear, unambiguous language regarding the effects of the *Schmick* offset.

28.    Republic's systematic processes and forms did not alert Garcia, nor make clear to ordinarily and similarly situated insureds, the fact that the *Schmick* offset drastically and materially diminished payment of benefits arising from a covered occurrence under the policy for crashes involving underinsured motorists. See *Id*.

29.    Republic's systematic processes and forms misrepresented the true value of the illusory underinsured motorist coverage that it advertised and sold to Ms. Garcia and for which Republic collected premiums. See *Id*., ¶ 28. "First, we find no merit in Defendant's argument that the language of the statute provides immunity from claims that it misrepresented the coverage available to consumers like Mr. Crutcher. Certainly, while the Legislature authorized the selling of premiums together, its intent was not to sanction the deception of those consumers in their selection of policies and coverage levels. The Court in *Weed Warrior* concluded that it was the obligation of the insurance company to clearly provide its policyholders the opportunity to match their UM/UIM policy with their liability coverage. *Id.* ¶15. In this case [*Crutcher*], we are simply identifying the same consequence previously illuminated in *Weed Warrior*. *Id.* ¶ 10.) and *Id*. If a person pays for something called "underinsured motorist" insurance, we think it reasonable for the person to be under the impression that he or she is, in fact, eligible to receive UIM coverage if involved in an accident with someone who does not have enough insurance to cover the costs of the insured's injuries." *Id*, ¶ 30.

**Yvonne Garcia was injured in a collision with an underinsured motorist.**

30.      On October 6, 2018, Yvonne Garcia suffered serious bodily injuries and other damages arising from an automobile collision that occurred on 98th Street in Albuquerque, New Mexico, when an underinsured motorist failed to stop and yield and caused a heavy impact with the vehicle Ms. Garcia was a passenger in.

31.      The driver of Ms. Garcia's vehicle was not at fault for the collision of the October 6, 2018 collision.

32.      As a result of the collision, Yvonne Garcia suffered serious bodily injuries.

33.      Yvonne Garcia suffered total damages well in excess of $200,000.00.

34.      At the time of the collision, Yvonne Garcia was insured by the Republic Policy No. AR 1069082 01 06, which purportedly provided her with stacked uninsured and underinsured motorist insurance coverage in the amount of up to $200,000.00 per person/ $600,000.00 per occurrence.

35.       After the collision, Yvonne Garcia made a claim with the tortfeasor's insurer and was provided the limits of that liability insurance of $100,000.00.

**Yvonne Garcia makes a claim that Republic denies.**

36.      Before the collision at issue, Republic collected a premium for automobile coverage pursuant to the Garcia Policy, under which Yvonne Garcia had a reasonable expectation that she carried stacked underinsured motorist coverage of $200,000.00 per person / $600,000.00 per occurrence. **Ex. 1**.

37.      At the time of the collision, Yvonne Garcia was under the belief and had a reasonable expectation that she and her insureds were entitled to underinsured motorist benefits for the insurance policy that Republic had issued her.

38.    After the collision, Yvonne Garcia reported the collision to Republic and, through counsel, notified Republic that a claim for the underinsured motorist coverage, for which Republic had collected a premium, would be made.

39.    Republic, under a standardized business practice, opened a claim, assigned claim number AR 1069082 01 06, and randomly assigned the adjustment of the matter to one of its adjusters and preemptively denied Yvonne Garcia's underinsured motorist coverage claim for the full amount of UIM coverage as reflected on Republic's declaration page.

40.    Republic only provided Garcia with $100,000.00 in underinsured motorist benefits.

41.    Republic denied Yvonne Garcia's claim for the full amount of stacked underinsured motorist coverage because, after addressing an offset of the tort carrier's liability limits, it claimed that no coverage remained for a claim under her Republic auto policy.

42.    Yvonne Garcia did not receive, in violation of her reasonable expectations, the full amount of stacked underinsured motorist coverage from Republic, her UIM policy carrier, as reflected on Republic's declaration pages.

43.    Yvonne Garcia had a reasonable expectation she would benefit from the insurance premiums Republic collected from her in the amounts reflected on the face of her declaration pages.

## CLASS ACTION ALLEGATIONS

44.    This action is properly maintainable as a class action pursuant to Rule 1-023 NMRA. The Class is defined as follows:

All persons (and their heirs, executors, administrators, successors, and assigns) from whom Defendant collected a premium for an underinsured motorist coverage on a policy that was issued or renewed in New Mexico by Defendant and that purported to provide underinsured motorist coverage on the face of its application and declaration pages, but which effectively no underinsured motorists coverage and/or misleading underinsured coverage, reflected on Defendant's declaration page, because of the statutory offset recognized in *Schmick v. State Farm Mutual Automobile Insurance Company*, 704 P.2d 1092 (1985).

45.    Pursuant to Rule 1-023(C)(4)(b), the Class properly includes a Subclass:

All Class Members (and their heirs, executors, administrators, successors, and assigns) where an underinsured motorist coverage on a policy that was issued or renewed in New Mexico by Defendant and that purported to provide the underinsured motorist coverage on the face of its application and declaration pages, but which in fact provides no underinsured motorists coverage and/or misleading underinsured coverage because of the statutory offset recognized in *Schmick v. State Farm Mutual Automobile Insurance Company*, 704 P.2d 1092  (1985), and who sustained damages in excess of an insured tortfeasor's policy limits, received the extent of all bodily injury liability limits available and would be or were denied those benefits by Defendant due to the *Schmick* offset.

46.    The proposed class and subclass definitions are precise, objective, and presently ascertainable, and it is administratively feasible for the Court to ascertain whether a particular individual is a member of the Class.

47.    The members of the Class are so numerous that joinder of all members of the Class is impracticable.

48.    Garcia's claims are typical of the claims of members of the Class and Subclass.

49.    Certification of the Class and Subclass is desirable and proper, because there are questions of law and fact in this case common to all members of the Class. Such common questions of law and fact include, but are not limited to:

a. Whether Republic breached contractual obligations owed to their New Mexico policyholders;

b. Whether Republic breached duties owed to New Mexican insureds under the implied covenant of good faith and fair dealing;

c. Whether Republic violated NMSA 1978, §§ 59A-16-1 to 30;

d. Whether Republic failed to disclose one or more material facts in connection with the marketing or sale of the insurance policies at issue;

e. Whether Republic misled or deceived their policyholders in connection with the marketing or sale of the policies at issue;

f. How properly to construe Republic's standard application forms and other standard form documents relative to the *Schmick* offset;

g. What remedies are available to Yvonne Garcia individually, and to Yvonne Garcia and Class Members in light of the answers to the foregoing questions; and

h. Whether and to what extent there may be merit in any affirmative defenses that Republic might claim.

50.    These common questions of law or fact common to members of the Class predominate over any questions affecting only individual members, and a class action is superior to all other available methods for the fair and efficient adjudication of the controversy. In this action:

51.    Common or generalized proof will predominate with respect to the essential elements of the nine claims at issue.

52.    The common questions of law or fact that pertain to the Class predominate

over any individual questions and any individual issues do not overwhelm the common ones.

53.     If any member or members of the Class has an individually controlling interest to prosecute a separate action, they may exclude themselves from the Class upon receipt of notice under Rule 1-023(C)(2).

54.     The determination of the claims of all members of the Class in a single forum and in a single proceeding would be a fair, efficient and superior means of resolving the issues raised in this litigation.

55.     Any difficulty encountered in the management of the proposed Class is reasonably manageable, especially when weighed against the impossibility of affording adequate relief to the members of the Class through numerous independent actions.

56.     The need for proof of Garcia's and Class members' damages will not cause individual issues to predominate over common questions. The amounts of losses can be efficiently demonstrated either at trial or as part of routine claims administration through accepted and court-approved methodologies with the assistance of court-appointed personnel, including Special Masters. Certain types or elements of damage are subject to proof using aggregate damage methodologies or simply rote calculation and summation.

57.     The particular common issues of liability and the quantum of punitive damages or ratio of punitive damages to actual harm, are common to Class Members no matter what type of harm or injury was suffered by each Class Member.

58.     Republic has acted or refused to act on grounds generally applicable to all Class Members, thereby making appropriate injunctive relief and corresponding declaratory relief with respect to Class Members. Garcia seeks to establish the rights and obligations of

the parties with respect to the claims at issue in this case and to enjoin Republic from continuing to engage in those practices that violate the duties, and the contractual and legal obligations owed to Garcia's and Class Members under New Mexico statutory and common law.

59.    A class action is superior to maintenance of these claims on a claim-by-claim basis when all actions arise out of the same circumstances and course of conduct. A class action allows the Court to process all rightful claims in one proceeding. Class litigation is manageable considering the opportunity to afford reasonable notice of significant phases of the litigation to Class Members and permit distribution of any recovery. The prosecution of separate actions by individual Class Members, or the individual joinder of all Class Members in this action, is impracticable and would create a massive and unnecessary burden on the resources of the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of each Class Member, should that be determined to be appropriate.

60.    The procedure of this action as a class action conserves the resources of the parties and the court system, protects the rights of each member of the class, and meets all due process requirements.

61.    Certification of the Class with respect to particular common factual and legal issues concerning liability, as well as the necessary and appropriate quantum of punitive damages, or ratio of punitive damages to actual harm, is appropriate under Rule 1-023.

62.    Certification of the Class is desirable and proper, because Garcia will fairly and adequately protect the interests of the Class that she seeks to represent. There are no

conflicts of interest between Garcia's claims and those other members of the Class. Yvonne Garcia is cognizant of her duties and responsibilities to the Class. Garcia's attorneys are qualified, experienced, and able to conduct the proposed class action.

## CLAIM 1 - NEGLIGENCE

63.     Garcia and Class Members incorporate by reference the preceding paragraphs as if they were fully stated herein.

64.     Republic had a duty to ensure Garcia and Class Members would be offered and obtain the maximum benefit of underinsured coverage purchased and would not be sold illusory and/or misleading underinsured coverage.

65.     Republic had a duty to provide Garcia and Class Members coverage for which a premium was charged and collected.

66.     Since the issuance of the New Mexico Supreme Court's opinion of *Schmick* in 1985 it was reasonably foreseeable that the underinsured coverage sold Yvonne Garcia and Class Members was illusory and/or misleading and Republic therefore materially misrepresented the terms and benefits of underinsured coverage, yet charged a premium for such illusory and/or misleading coverage.

67.     A reasonably prudent insurance company exercising ordinary care would offer and sell underinsured coverage that was not illusory and/or misleading and would not materially misrepresent the terms of underinsured coverage by properly informing its insureds of the coverage they were purchasing and obtaining a written waiver acknowledging its insured's consent to the purchase of what amounts to illusory underinsured motorist coverage.

68.     A reasonably prudent insurer would not charge a premium for coverage it

intended to deny or did not provide.

69.     Republic's actions and inactions, through its agents, employees, or others on its behalf, were negligent in that they breached the standard of care required of an insurance company issuing auto policies in New Mexico.

70.     As a result of Republic's negligence, Yvonne Garcia and Class Members sustained actual damages for which Republic is liable. Yvonne Garcia and Class Members are entitled to punitive damages for actions of Republic that were willful, reckless and wanton, and in bad faith and/or based on dishonest business judgments.

## CLAIM 2 - VIOLATIONS OF THE NEW MEXICO UNFAIR TRADE PRACTICES ACT

71.     Garcia and Class Members incorporate by reference the preceding paragraphs as if they were fully stated herein.

72.     There was in effect, at all times material, a New Mexico statute commonly known as the New Mexico Unfair Trade Practices Act, N.M.S.A.1978, § 57-12-2 to 58-12-10 ("UPA"), including but not limited to Sections 57-12-2(D)(7), (D)(l4), (D)(15), (D)(l7) and Section 57-12- 2(E), which prohibits a person selling insurance from engaging in unfair or deceptive trade practices:

> D.     "unfair or deceptive trade practice" means an act specifically declared unlawful pursuant to the Unfair Trade Practices Act [Chapter 57, Article 12 NMSA 1978], a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of his trade or commerce, which may, tends to or does deceive or mislead and includes but is not limited to:
>
> (7)    representing that the goods or services are of a

particular standard, quality or grade or that goods are of a particular style or model if they are of another ;

(14) using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive;

(15) stating that a transaction involves rights, remedies or obligations that it does not involve;

(17) failing to deliver the quality or quantity of goods or services contracted for;

E. "unconscionable trade practice" means an act or practice in connection with the sale, lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services, including services provided by licensed professionals, or in the extension of credit or in the collection of debts which to a person's detriment: takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or results in a gross disparity between the value received by a person and the price paid.

73.    Republic failed to deliver the quality or quantity of services applied for and purchased and paid for by Yvonne Garcia and other insureds by failing to provide insurance applications and policies containing sufficient information to properly inform a reasonably prudent person purchasing underinsured insurance when Yvonne Garcia and others similarly situated were under the reasonable belief that such coverage existed and would protect them.

74.    In the regular course of its business, Republic or its agents knowingly made oral and written statements that were false and misleading in connection with the sale of underinsured motorist insurance in New Mexico.

75.    These ambiguous, false, and misleading representations may, tend to, and do deceive or mislead persons into believing that underinsured motorist coverage has a value that it does not have and into contracting for and paying premiums for

underinsured motorist policies that are illusory and/or misleading and do not provide the underinsured motorist coverage and benefits that Defendant's customers reasonably expected to receive.

76.    In the regular course of its business, Republic or its agents took advantage of its customers' lack of knowledge, ability, experience or capacity to a grossly unfair degree by marketing, advertising, selling, and receiving premium payments for illusory underinsured motorist coverage.

77.    Since the New Mexico Supreme Court's opinion in *Progressive Northwest Insurance Co. v. Weed Warrior Services*, 2010-NMSC-050, 149 N.M. 157, 245 P.3d 1209, Republic has been on notice that underinsured motorist policies provide no coverage at minimal limits and misleading coverage at higher limits, yet Republic markets, advertises, sells, and received premiums for above-minimal limits underinsured motorist policies to and from customers, such as Yvonne Garcia and Class Members, who do not know and do not understand that if they purchase underinsured motorist coverage, they will not receive any underinsured motorist coverage at all when damages in excess of the tortfeasor's liability coverage are incurred, losing the full benefit of their above-minimal limits coverage displayed on the face of their declaration pages because of the *Schmick* offset.

78.    Republic's actions resulted in a gross disparity between the value of the illusory and/or misleading underinsured motorist coverage received by Yvonne Garcia and Class Members and the price of the premiums that Yvonne Garcia and Class Members paid for illusory and/or misleading underinsured motorist coverage.

79.    Republic, acting through its agents, adjusters, and employees, as set forth above, knowingly and willfully engaged in unfair trade practices in violation of Section 57-

12-3, including but not limited to Sections 57-12-2(D)(7), (D)(l4), (D)(I5), (D)(17) and Section 57-12- 2(E).

### CLAIM 3 - VIOLATIONS OF THE NEW MEXICO UNFAIR INSURANCE PRACTICES ACT

80.    Garcia and Class Members incorporate by reference the preceding paragraphs as if they were fully stated herein.

81.    There was in effect at all times material a New Mexico statute commonly known as the Insurance Code New Mexico Unfair Insurance Practices Act, NMSA 1978, §§ 59A-16-1 to 59A-16-30 ("UIPA").

82.    The UIPA provides a private right of action to any person covered by the UIPA who has suffered damages as a result of a violation of that statute by an insurer or agent and is granted a right to bring an action in district court to recover actual damages.

83.    Garcia and Class Members were insured under the policies issued by Republic.

84.    Republic owed Yvonne Garcia and Class Members the duties of good faith, fair dealing, and the accompanying fiduciary obligations.

85.    In the sale and provision of insurance, Republic failed to exercise good faith and failed to give the interests of Yvonne Garcia and of Class Members the same consideration it gave its own interests.

86.    Republic misrepresented the terms of the policy sold and provided to Yvonne Garcia and Class Members, and/or failed to disclose material facts reasonably necessary to prevent other statements from being misleading and failed to implement and follow reasonable standards in the sale and provision of insurance.

87.     Republic's acts and failures to act were in reckless disregard of Garcia's, and Class Members' rights as insureds under the subject policies.

88.     Republic's acts and practices took advantage of the lack of knowledge and experience of Yvonne Garcia and Class Members to a grossly unfair degree.

89.     Republic failed to abide by its statutory duties under the UIPA, and such violations constitute negligence per se.

90.     Republic misrepresented to Yvonne Garcia and Class Members pertinent facts or policy provisions relating to coverages at issue, in violation of NMSA 1978, § 59A-16-20(A).

91.     Republic's failure to act in good faith and Republic's violations of the Insurance Code and Unfair Practices Act are proximate causes of damages sustained by Yvonne Garcia and Class Members.

92.     Republic's conduct was in bad faith, malicious, willful, wanton, fraudulent, based on dishonest business judgments and/or in reckless disregard of Garcia's and Class Members' rights.

93.     Yvonne Garcia and Class Members are entitled to attorneys' fees and costs pursuant to NMSA 1978, §§ 59A-16-30 and 39-2-1. As a direct and proximate result of Defendant's acts, omissions policies, and conduct in violating UIPA, as set forth above, Garcia and Class Members have sustained damages, in addition to the damages common to all counts of this complaint, including but not limited to the actual damages incurred, the cost of prosecution of this lawsuit, attorneys' fees, and interest on the sums owed under the policy. These injuries and damages are ongoing, permanent, and are expected to continue in the future.

## CLAIM 4 - REFORMATION OF INSURANCE POLICY

94.     Garcia and Class Members incorporate by reference the preceding paragraphs as though they were stated fully herein.

95.     Yvonne Garcia and similarly situated Class Members mistakenly believed that, by paying a premium for specific dollar amounts and limits of underinsured motorist coverage, they would receive underinsured motorist coverage at those same specific dollar amounts and limits.

96.     Republic and its agents knew that, because of the operation of the offset described in *Schmick*, Yvonne Garcia and similarly situated Class Members were unlikely to receive the full underinsured motorist benefits that they contracted for and for which Republic collected premiums.

97.     At the time of contract formation, Republic and its agents inequitably misrepresented the value of underinsured motorist coverage and failed to inform Yvonne Garcia and similarly situated Class Members that, because of the operation of the offset described in *Schmick*, they were unlikely to receive the underinsured motorist benefits that they contracted for and for which Republic collected premiums.

98.     The inequitable failure of Republic and its agents to inform Yvonne Garcia and similarly situated Class Members that they were vanishingly unlikely to receive the underinsured motorist coverage reasonably caused Yvonne Garcia and similarly situated Class Members to believe that, by paying a premium for underinsured motorist coverage, they and their covered insureds would receive the full amount of underinsured motorist coverage reflected on their declaration pages.

99.     The insurance contracts respectively entered between Republic and its

agents, on the one hand, and Yvonne Garcia and Class Members, on the other hand, do not express the intentions and reasonable beliefs of Yvonne Garcia and Class Members that they would receive the underinsured motorist coverage that they contracted for and for which Republic collected premiums.

100.    The Court should reform the ambiguous insurance contracts respectively entered between Republic and its agents, and Yvonne Garcia and Class Members, to conform to the intentions and reasonable beliefs and expectations of Yvonne Garcia and Class Members that they would receive the underinsured motorist coverage that they contracted for and for which Republic collected premiums.

## CLAIM 5 - BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

101.    Yvonne Garcia and Class Members incorporate by reference the preceding paragraphs as though they were stated fully herein.

102.    A special relationship exists between Republic, on the one hand, and Yvonne Garcia and Class Members, respectively, on the other hand, sufficient to impose a duty of good faith and fair dealing on Republic owed to Yvonne Garcia and Class Members.

103.    Implicit in the contract of insurance between Yvonne Garcia and Class Members, on the one hand, and Republic on the other, was the covenant that Defendant would, at all times, act in good faith and deal honestly and fairly with Yvonne Garcia and Class Members.

104.    Republic breached the implied covenant of good faith and fair dealing, in one or more of the following ways, including but not limited to:

    a.    Failing to properly inform Yvonne Garcia and Class Members of the

illusory and/or misleading coverage it solicited and sold;

b.    Charging a premium for coverage that would not be provided;

105.    As a direct and proximate result of Republic's acts and omissions alleged herein, Yvonne Garcia and Class Members have suffered damages in an amount to be proven at trial.

106.    Republic's acts and omissions alleged herein and breach of the implied covenant of good faith and fair dealing were done intentionally, willfully, wantonly, grossly, with dishonest business judgment, and/or with reckless disregard for the rights of Yvonne Garcia and Class Members.

107.    Accordingly, Yvonne Garcia and Class Members are entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish Republic for its misconduct and to deter others from similar conduct in the future.

## CLAIM 6 - NEGLIGENT MISREPRESENTATION

108.    Garcia and Class Members incorporate by reference the preceding paragraphs as though they were stated fully herein.

109.    A special relationship existed between Republic, on the one hand, and Yvonne Garcia and Class Members, respectively, on the other hand, sufficient to impose a duty on Republic to disclose accurate information to Garcia and Class Members.

110.    As early as 1985, when the New Mexico Supreme Court published its decision in *Schmick v. State Farm*, Republic knew that underinsured motorist coverage would be illusory and/or misleading to its insureds under most ordinary circumstances.

111.    Republic, however, withheld this information from Yvonne Garcia and Class Members and hid from them the fact that the underinsured motorist coverage as

impacted by the *Schmick* offset is illusory and/or misleading in its effect.

112.    From 1985 through the present, Republic failed to disclose material facts and made material misrepresentations to Yvonne Garcia and Class Members regarding illusory and/or misleading underinsured motorist coverage.

113.    Republic, by their failures and omissions, misrepresented underinsured motorist coverages through their standard and uniform applications and policies given to Yvonne Garcia and Class Members, which Republic knew or should have known, were misleading and contained material misrepresentations.

114.    Republic's material omissions and misrepresentations were made to induce Yvonne Garcia and Class Members to purchase underinsured motorist coverage that Republic knew or should have known was illusory and/or misleading.

115.    Yvonne Garcia and Class Members reasonably relied on Republic's material omissions and misrepresentations when deciding to purchase underinsured motorist coverage at the level of coverage they respectively purchased.

116.    As a result of Republic's misrepresentations and omissions, Republic is liable to Yvonne Garcia and Class Members for their damages flowing from those misrepresentations and omissions.

117.    As a direct and proximate result of Republic's negligent misrepresentations, Yvonne Garcia and Class Members suffered economic loss, including the payment of premiums for coverage that had no value.  Yvonne Garcia and Class Members seek the full measure of damages allowed under applicable law.

### CLAIM 7 - DECLARATORY JUDGMENT

118.    Garcia and Class members incorporate by reference the preceding

paragraphs as though they were stated fully herein.

119.    An actual controversy exists between the parties thereby rendering declaratory relief proper under the New Mexico Declaratory Judgment Act, NMSA 1978, Sections 44-6-1 through 44-6-15.

120.    The Court should reform the insurance contracts respectively entered between Defendant and their agents, and Ms. Garcia and Class Members to conform to the intentions and reasonable beliefs of Ms. Garcia and Class Members that they would receive the underinsured motorist coverage that they contracted for and for which Defendant collected premiums

121.    Garcia, and Class Members are entitled to a declaratory judgment establishing their respective rights and obligations of the parties with respect to the claims set forth herein.

## INJUNCTIVE RELIEF

122.    Yvonne Garcia and Class Members incorporate by reference the preceding paragraphs as though they were stated fully herein.

123.    Yvonne Garcia and Class Members are entitled to injunctive relief under the claims they have pled because Yvonne Garcia and Class Members and future insureds would suffer an irreparable injury that monetary damages at a later time would not adequately compensate them for the injury of paying a premium for illusory and/or misleading coverage.

124.    Republic should be enjoined from continuing practices that violate the duties, and the contractual and legal obligations owed to Yvonne Garcia and Class Members.

125.     Republic must be compelled to stop its practice of collecting premiums for the sale of illusory and/or misleading underinsured motorist coverage and failing to provide underinsured motorist coverage benefits equal to the limits of liability coverage where it failed to properly inform Garcia and Class Members throughout the application and policy underwriting process.

### REQUEST FOR RELIEF

Yvonne Garcia and Class Members request a jury trial and the following relief:

i.     An order certifying this action to proceed as a class action, authorizing Yvonne Garcia to represent the interests of the Class Members as appropriate,  and appointing undersigned counsel to represent the class;

ii.     Awarding compensatory damages to Yvonne Garcia and Class Members for the damages done to them by Republic in an amount to be proven at trial;

iii.     Awarding Yvonne Garcia and Class Members damages from Republic as a result of its violations of the UIPA, in an amount to be determined at trial for attorneys' fees and costs;

iv.     Awarding treble damages in accordance with NMSA 1978, Sections 57-12-10(B) and any and all damages pursuant to NMSA 1978, Sections 57-12-1 through -26, which will deter Republic and others from such unfair trade practices and wrongful conduct in the future and will punish them for the conduct set forth herein;

v.     Granting declaratory relief that establishes the rights and obligations of the parties with respect the claims set forth herein;

vi.      Granting injunctive relief requiring Republic to properly inform Yvonne

Garcia and Class Members throughout the application and policy

underwriting process of the true value of the underinsured motorist benefits

that are being advertised and sold;

vii.     Awarding Yvonne Garcia and Class Members their costs and expenses

incurred in these actions, including reasonable attorney's fees, experts'

fees, and costs; and

viii.    Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Kedar Bhasker*
Kedar Bhasker
BHASKER LAW
1400 Central Ave. SE, Suite 2000
Albuquerque, NM 87106
Phone: (505) 407-2088
Kedar@bhaskerlaw.com

Corbin Hildebrandt
CORBIN HILDEBRANDT P.C.
1400 Central Ave. SE, Suite 2000
Albuquerque, NM 87106
Phone: 505 998-6626
corbin@hildebrandtlawnm.com

Geoffrey Romero
LAW OFFICES OF GEOFFREY R. ROMERO
4801 All Saints Rd. NW Ste. A
Albuquerque, NM 87120
(505) 247-3338
geoff@geoffromerolaw.com

and

Rebekah S. Wright
LAW OFFICE OF REBEKAH S. WRIGHT, LLC
4801 Lang Ave. NE, Suite 110
Albuquerque, NM 87109

Phone: (505) 585-2233
rebekah@wrightlawnm.com

*Counsel for the Plaintiff*